UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-10389 |
| | : | CHAPTER 7 |
| DONALD W. WARD and JEAN M. WARD, DEBTORS | : | |
| | : | |
| RICHARD W. ROEDER, ESQ., TRUSTEE, APPLICANT | : | DOCUMENT NOS. 48 AND 50 |
| vs. | : | |
| NO RESPONDENT | : | |

APPEARANCES:

RICHARD W. ROEDER, ESQ., TITUSVILLE, PA, TRUSTEE AND ATTORNEY
    PRO SE
JOHN C. MELARAGNO, ESQ., ERIE, PA, AMICUS BRIEF FOR THE CHAPTER 7
    PANEL TRUSTEES FOR THE WESTERN DISTRICT OF PA
JOSEPH S. SISCA, PITTSBURGH, PA, FOR THE UNITED STATES TRUSTEE

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

APRIL _____, 2007

OPINION

Donald W. Ward and Jean M. Ward ("Debtors") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on April 14, 2006. Richard W. Roeder, Esq., was appointed and serves as Chapter 7 Trustee (the "Trustee"). The Trustee also serves as Attorney Pro Se.

The assets available for administration by the Trustee in the case consist of an income tax refund of $665, a parcel of real estate with building, and certain personal property located in the building. A buyer for the real estate was in place at the time of the bankruptcy filing. The Trustee promptly filed a Motion for Sale and sold the real estate for $105,000.

The real estate was encumbered by a first mortgage in the amount of $86,391.79, a tax lien, $7,527.19 and real estate taxes, $2,183.06.   The net proceeds to the bankruptcy estate from the sale of the real estate as stated in the Trustee's Report of Sale were $8,898.01.

To liquidate the personalty, the Trustee sought Court approval for the engagement of an auctioneer and filed a Motion for approval of an expedited sale.  The auction generated gross proceeds of $13,041.50 and after payment of a fee to the auctioneer and for related auction expenses, the net proceeds to the bankruptcy estate were $10,994.15.

The Trustee has filed his Final Report and Account, an Application for Compensation as Trustee, and an Application for Compensation as Attorney Pro Se.  The Trustee requests compensation as trustee in the amount of $9,188.04 plus $584.66 in expenses and compensation as Attorney Pro Se in the amount of $2,199.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

The Trustee's Proposed Distribution provides for payments on claims as follows:

| CLASS OF CREDITOR | CLAIMED AMOUNT | PROPOSED PAYMENT |
|---|---|---|
| **ADMINISTRATIVE:** | | |
| Trustee Roeder's Trustee Compensation | $9,188.04 | $9,188.04 |
| Trustee Roeder's Trustee Expenses | $584.66 | $584.66 |
| Richard Roeder, Attorney Pro Se | $2,119.00 | $2,119.00 |
| | | $11,891.70 |
| **PRIORITY:** | | |
| Internal Revenue Service | $11,214.59 | $5,971.08 |
| Department of Labor & Industry | $699.25 | $372.31 |
| PA Department of Revenue | $1,648.90 | $877.93 |
| | | $7,221.32 |
| **GENERAL UNSECURED:** | | |
| No Distribution | $0.00 | $0.00 |

A hearing on the Trustee's Final Account and Proposed Distribution was held on December 4, 2006. The Trustee presented his report to the Court. The Court inquired about the reasonableness of the Trustee's compensation and whether the Trustee had time records to support the amount of the request and also as to whether it was appropriate to calculate a commission on the total sale price of real estate that is subject to a lien.

The Trustee posits that 11 U.S.C. § 330(a)(7),[1] which was added to the Bankruptcy Code by the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), "instruct[s] the courts that the Chapter 7 Trustee's compensation is to be treated as a commission without taking into consideration the reasonableness test of 11 U.S.C. § 330(a)(3)." The Trustee further posits that 11 U.S.C. § 326 entitles the Trustee

---

[1] All references to Code sections are to Title 11 of the United States Code unless otherwise indicated.

to include payments made to secured creditors as part of the base amount on which the Trustee's fees are calculated.

The issues have been briefed by the Trustee. We also have the benefit of a Memorandum by the United States Trustee and an Amicus Brief by the Chapter 7 Panel Trustees for this District, both in support of the Trustee's position.

## Discussion

1. Payments to Secured Creditors.

Section 326(a) provides that a trustee may receive reasonable compensation "upon all monies disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but <u>including holders of secured claims</u>." 11 U.S.C. § 326(a). (emphasis added).

The Court of Appeals for the Third Circuit in <u>In Re Lan Associates</u>, 192 F.3d 109 (3rd Cir. 1999) conducted an analysis of the permissible transactions that would be included in the "base" upon which a trustee's compensation is calculated. The specific issue in <u>Lan</u> was whether or not a trustee is entitled to compensation on an undersecured creditor's "credit bid". The court held that the trustee was not entitled to compensation on a credit bid because, in those circumstances, the trustee did not actually administer the asset and the funds did not pass through the trustee's hands. As such, the trustee should have abandoned the asset to the undersecured creditor and the trustee was not entitled to compensation for the undersecured creditor's "credit bid".

In reaching that conclusion, the Lan court reviewed the legislative history of §§ 326 and 330 and reviewed the general method upon which a trustee's calculation is based and in doing so cited to H.R. Rep. No. 95-595 wherein Congress stated:

> ***It should be noted that the base on which the maximum fee is computed includes moneys turned over to secured creditors, to cover the situation where the trustee liquidates property subject to a lien and distributes the proceeds.*** It does not cover the cases in which the trustee simply turns over the property to the secured creditor, nor where the trustee abandons the property and the secured creditor is permitted to foreclose.

In Re Lan at 116 and 117. (emphasis added).

Accordingly, we hold that the Trustee is entitled to include funds turned over to secured creditors in the base upon which his compensation is calculated.

2. Reasonableness of Trustee's Compensation.

The Trustee posits that the reasonableness test of § 330(a)(3) is inapplicable. Through the BAPCPA, Congress altered § 330(a)(3) which now reads:

> In determining the amount of reasonable compensation to be awarded *to an examiner, trustee under chapter 11, or professional person*, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including . . .

11 U.S.C. § 330(a)(3).

Specifically missing from those persons to who § 330(a)(3) is applicable is a Chapter 7 Trustee.

Section 330(a)(1) provides:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . .
>     (A) reasonable compensation for actual, necessary services rendered by the trustee, . . .

> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

In addition, through the BAPCPA Congress added new subsection 330(a)(7) which provides:

> In determining the amount of <u>reasonable</u> compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on Section 326.

11 U.S.C. § 330(a)(7). (emphasis added).

Section 326(a) was not changed in the BAPCPA. It provides:

> **§ 326. Limitation on compensation of trustee**
>
> (a) In a case under Chapter 7 or 11, the court may allow <u>reasonable</u> compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a). (emphasis added).

Sections 330(a)(1), 330(a)(7) and 326(a) govern the bankruptcy court's analysis of the fee request by the Trustee. Section 330(a)(1) permits the court to award a <u>reasonable</u> compensation to the trustee for the trustee's services.

The language of § 326(a) continues to set forth the maximum compensation payable to a Chapter 7 trustee.

> Courts have emphasized repeatedly that a trustee is not entitled to the maximum fee allowed under § 326(a); "[t]he maximum compensation allowable under § 326(a) is awarded to a . . . trustee only in cases in which the result

>   obtained and the benefit realized by the estate are exemplary." *Narragansett Clothing,* 210 B.R. at 496; *see also Biskup,* 236 B.R. at 336 ("The language of § 326 is permissive rather than mandatory in that it fixes the maximum compensation of a trustee, and it is not to be construed as an entitlement to the maximum fee specified."); *In re Guyana Dev. Corp.,* 201 B.R. 462, 474 (Bankr. S.D. Tex. 1996) (same); H.R. REP. NO. 95-595, at 329 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6286 ("Section 330 authorizes compensation for services and reimbursement of expenses of officers of the estate . . . . [T]he compensation allowable under this section is subject to the maxima set out in section [ ] 326.").

In Re Lan Associates, 192 F.3d. 109, 115-16 (3d. Cir. 1999).

Section 326(a) establishes a maximum compensation amount, not an entitlement. Under both § 330(a)(1) and § 326, the bankruptcy court has to consider the reasonableness of fees requested in ruling on a fee application of a Chapter 7 trustee.

The impact of § 330(a)(7) upon the reasonableness analysis was addressed by the Bankruptcy Court in the case of In Re Clemens, 349 B.R. 725 (Bankr. D. UT, 2006). In Clemens, as in this case, the trustee argued that amended § 330(a)(3) and new § 330(a)(7) meant that the trustee was entitled to the maximum compensation under § 326 without submitting billing records. The court in Clemens discussed the impact of § 330(a)(7):

>   2. *The Impact of Section 330(a)(7):*
>
>   The chapter 7 Trustee points to § 330(a)(7), arguing that this addition to the Code requires the Court to treat his fees as reasonable, so long as the fees are calculated pursuant to § 326. Section 330(a)(7), added to the Code through BAPCPA, states: "In determining the amount of reasonable **compensation** to be awarded to a **trustee**, the court shall treat such **compensation** as a **commission**, based on section 326."
>
>   Read literally, § 330(a)(7) adds little to the inquiry required by § 330(a). The subsection begins by referring to the Court's determination of "the amount of *reasonable compensation* to be awarded to the **trustee**." As discussed

above 'reasonable **compensation**' is a subjective amount which requires the court's review under § 330(a)(1) and the Lodestar approach. Thus, it means very little to call this **compensation** a '**commission**.' The Court still needs to determine the amount of that '**commission**' and should do so by applying the Lodestar approach for deciding reasonableness.

The only significant portion of § 330(a)(7) seems to be the last four words: "based on section 326." Section 326(a) provides a mathematical calculation based on the amounts disbursed or turned over by a chapter 7 or chapter 11 Trustee. It provides that a court's award of "reasonable compensation under section 330" may not exceed this number (the "statutory cap"). Before the BAPCPA, courts would generally determine the amount of a trustee's "reasonable compensation" under § 330(a) and then ask if such "reasonable compensation" was greater than the statutory cap decided by § 326(a). If that compensation was above the statutory cap, the trustee could only be awarded the amount calculated under § 326. The provisions of § 326 were not a part of the Court's Lodestar analysis, nor were they a part of the Court's analysis under § 330(a)(3).

A literal reading of § 330(a)(7) instructs the Court to consider the provisions of § 326 "[i]n determining the amount of reasonable compensation to be awarded to a trustee." Thus, the plain meaning of § 330(a)(7) requires the Court to consider the provisions of § 326 *as a part of* its reasonableness inquiry. In essence, the addition of § 330(a)(7) to the Code serves to now supplement the Court's Lodestar analysis.

The Court is aware that its holding may mean that the terms of § 330(a)(7) have a small impact on pre-BAPCPA practice in awarding Trustees fees. To some extent this might conflict with the general rule of statutory interpretation that a Court should avoid surplusage. Nevertheless, the Supreme Court has made clear that the Court's primary duty must be to honor the plain meaning of the Code. The Court should only attempt to avoid surplusage where the plain meaning of the Code is not apparent. The Court concludes that the meaning of § 330(a)(7) is plain, both on its face and when read in conjunction with §§ 330(a)(1) and (a)(3).

> At the same time, it is also important to note that the
> Court's holding does have an impact on its analysis of
> Trustees fees under § 330(a). Consider a Trustee who
> presents an itemization of fees which supports an award far
> less than the statutory cap under § 326(a). Under pre-
> BAPCPA law, the Court would have determined the
> amount of the trustee's reasonable fee, and then asked
> whether that amount was prohibited by the statutory cap
> under § 326(a). Under the Court's holding in this case,
> however, the Court must now determine reasonableness
> with an eye on the statutory cap. Thus, the Court might
> easily conclude that although the Trustee's itemization
> supports a much lower award, the Trustee is entitled to a
> higher amount in light of its consideration for § 326(a) as
> part of its reasonableness determination. To this extent, the
> Court believes its interpretation of the recent changes to
> § 330(a)(7) does recognize a change to the Bankruptcy
> Code.
>
> 3. *Resulting Interpretation*
>
> In sum, the Court concludes that the plain language of
> § 330(a) still requires the Court to consider the
> reasonableness of a trustee's compensation. The Court
> must still apply the Lodestar analysis in reviewing
> chapter 7 trustee compensation but must now supplement
> that analysis with a consideration for the provisions of
> § 326.

In Re Clemens, 349 B.R. at 730-32. (footnotes omitted).

    Collier's on Bankruptcy describes the change in the Code as follows:

> New section 330(a)(7) changes current law by providing
> that the compensation of a trustee is to be treated as a
> commission, based on the formulae in section 326(a). The
> primary effect of the change should be that, in the majority
> of cases, a trustee's allowed fee will presumptively be the
> statutory commission amount.
>
> Nevertheless, labeling the trustee's fee as a commission
> does not avoid the requirement that the court also
> determine that the fee is "reasonable." The 2005 Act does
> not alter the provision in section 330(a)(1)(A) that limits a
> trustee to "reasonable" compensation. Moreover, still
> applicable is the prohibition, set forth in section 330(a)(4),

on allowance of compensation for unnecessary duplication of services, and services that were not reasonably likely to benefit the estate or necessary to the administration of the case. Accordingly, courts will continue both to test the reasonableness of a trustee's fee, and to ensure that there is not compensation for prohibited services.

"Commission" is not a defined term under the Bankruptcy Code. Yet courts have had occasion to consider commission-based compensation awards in the context of real estate brokers. In some such cases, courts have not awarded the entire commission based fee, depending on the circumstances of the case.

Courts may be expected to continue to assess the reasonableness of a trustee's fee and award a fee that is less than the statutory commission in light of the effort expended or results obtained. For example, duplicative services, unnecessary services or nonbeneficial services should continue, as under present law, to be excluded from an award of compensation as not reasonable, even if the result is an award that is less than the statutory commission.

Similarly, there may be cases where the amount of "moneys disbursed" by the trustee may be very high in relation to the services performed, presenting a risk that a trustee may be overcompensated by applying the commission percentage. Chapter 7 cases filed with a significant amount of money in existing bank accounts, or cases where the trustee has operated the business for a period of time, or other cases where there are significant disbursements without a proportionate effort by the trustee, are examples of cases where the commission fee may not be reasonable. In such cases, even if all the services were properly performed, courts will need to assess whether the implied hourly rate is so high as to render the fee not reasonable.

For these reasons, it will continue to be necessary for trustees to present detailed fee applications, including a schedule of the number of hours spent, daily time records supporting the time spent and a narrative of the trustee's role and accomplishments supporting the compensation award.

L. King, <u>Collier on Bankruptcy</u>, ¶330.03 [1][a] at p. 330-15 – 330-16 (15th ed. rev'd. 2006)

Conclusion

We are directed to assess the reasonableness of the Trustee's application for compensation. The Trustee in this case processed a sale of real estate that was arranged prior to the bankruptcy filing, engaged an auctioneer to liquidate personalty and received the Debtors' tax refund. For these services, the Trustee requests the maximum commission allowable under § 326, which results in a Trustee's commission of $9,188.64.

On the record before us, it appears that while there are significant disbursements in this case, the proportionate efforts of the Trustee do not warrant a fee of $9,188.64 for the Trustee's services in this case.

Were the Court considering an appropriate fee on the basis of an hourly fee for services performed (typical Lodestar analysis), it would appear that a fee in the $2,000 range would be appropriate. Even under such an analysis, the Court has always recognized that the trustees often perform services in cases where they end up with an estate of little or no value and receive little or no compensation, and therefore, been liberal in awarding trustee fees.

The Court proposes to allow Trustee Compensation in the amount of $5,000, plus reimbursement of expenses in the amount of $584.66 and an allowance as compensation as Attorney Pro Se in the amount of $2,119.00. The Trustee will be given an opportunity to request an evidentiary hearing. An appropriate Order will be entered.

        /s/ Warren W. Bentz
        Warren W. Bentz
        United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-10389 |
| | : | CHAPTER 7 |
| DONALD W. WARD and JEAN M. WARD, DEBTORS | : | |
| | : | |
| RICHARD W. ROEDER, ESQ., TRUSTEE, APPLICANT | : | DOCUMENT NOS. 48 AND 50 |
| vs. | : | |
| NO RESPONDENT | : | |

ORDER

This 13th day of April, 2007, in accordance with the accompanying Opinion, it shall be and hereby is, ORDERED as follows:

1. The Court proposes to enter an Order which allows Trustee compensation of $5,000, plus reimbursement of expenses in the amount of $584.66 and an allowance of the Trustee's Attorneys' fees in the amount of $2,119.00.

2. The Trustee shall have 10 days to request an evidentiary hearing on the reasonableness of such fees, in default of which the proposed order will be entered.

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge